IN RE DAVIS.

FRED BRITTELL, APPELLEE, v. HARRY W. DAVIS, APPELLANT.

FILED JULY 16, 1919.   No. 20548.

1. **Constitutional Law:** IMPAIRMENT OF OBLIGATION OF CONTRACT. A legislative act does not impair the obligation of a contract, entered into before the act became operative, merely because such act abrogates or holds in abeyance an existing remedy for the collection of debts, provided, another equally adequate remedy is substituted that does not lessen the value of the contract.

2. ——: ——. Chapter 164, Laws 1917, does not impair the obligation of contracts entered into before the act became operative.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Clifford L. Rein,* for appellant.

*Clark Jeary, contra.*

DEAN, J.

On September 22, 1917, Harry W. Davis, the petitioner, was indebted to eleven or more creditors in the aggregate sum of $442. On that date he filed a verified petition in the county court of Lancaster county under chapter 164, Laws 1917, praying the court to fix the amount of his indebtedness and the time for payment thereof. The petition was dismissed in county court, and on appeal to the district court it was again dismissed. The petitioner has appealed.

The substance of the act applicable here provides generally that a debtor owing not less than $50 nor more

than $1,000, to not less than three creditors, may file in a municipal or county court a verified petition, containing his creditors' names and addresses, the respective amounts owing to each, and praying the court to fix the amount of and the time when payments thereon should be made, the creditors to be notified by registered mail and the time for hearing to be not less than seven nor more than ten days after filing the petition. Other details are enumerated in the act that are hereinafter noted.

At the hearing the parties stipulated that all the debts involved herein were incurred before the act became operative; "that the only point in issue in this hearing is to determine the question as to whether this statute impairs the obligation of the contracts."

Fred Brittell is the only creditor who contested the petitioner's application. He says that the act violates section 10, article 1 of the federal Constitution, in that it impairs the obligation of contracts entered into before the act became operative.

We do not agree. The act affects the remedy, but does not relieve the debtor of his contractual obligations. It requires payment in full. The value of the contract is not lessened, nor is the remedy materially changed. The debtor does not escape payment, and he is always subject to the court's order. His property is in the hands of the court. The amount of the periodical payments and the time when they shall be made are determined by the court. The act also provides that the provisional statutory remedies, such as attachment and the like, that are pending in any court, "upon the filing of the petition and the mailing of notice as herein provided, * * * shall be held in abeyance so long as the debtor shall comply with the order of the court relative to the disposition of his property and earnings and the payment of the proceeds therefrom, to the clerk of the court for the benefit of the creditors" (section 7); that upon failure to comply with the court's order the debtor forfeits the protection of the act. It plainly appears that, upon non-

compliance by the debtor, all former rights and remedies of the creditor for the collection of debts are automatically restored.

The act further provides: "If any property not exempt from execution, which had been attached or against which execution had been levied prior to the mailing of the notice provided for herein, shall be so sold, the proceeds therefrom shall be distributed under the attachment or execution as heretofore provided by law." This provision clearly safeguards the diligent creditor who, prior to the mailing of the notice, has procured an attachment or a levy on non-exempt property, by providing that, if the property so attached or levied upon shall be sold under this act, the proceeds of the sale shall be distributed to the prior attachment or execution creditors as heretofore provided by law, so that the act does not affect the lien of prior attaching or execution creditors.

In 6 R. C. L. 359, sec. 354, it is said: "While the legislature may not withdraw all remedies, and thus in effect destroy the contract, modes of procedure in the courts of a state are so far within its control that a particular remedy existing at the time of the making of a contract may be abrogated altogether without impairing the obligation of the contract if another and equally adequate remedy for the enforcement of that obligation remains or is substituted for the one taken away. This is the rule even though the new or the remaining remedy be less convenient than that which was abolished, or less prompt and speedy. However, on this phase of the rule there is some conflict, for it has been held that the alteration must not, so far as prior contracts are concerned, appear on the face of the statute to be enacted to render the remedies less efficient or more dilatory than those in force when the contract was made. It is enough if the contract is left with the same force and effect, including the substantial means of enforcement, which existed when it was made, or sufficient to enforce the contract." On page 360, section 355, it is pointed

103 Neb.—45

out that "the difficulties in the way of stating a rule render it imperative that every case be determined on its own particular circumstances; and the question whether a change of remedy impairs a substantial right in the last analysis is ordinarily one as to reasonableness."

It can scarcely be shown that the act is unreasonable. The purpose of the act is to prevent the destruction of a debtor of small means, by an avalanche of creditors who are demanding either immediate payment or judgment, and to provide a reasonable remedy at small cost that will inure to the benefit of all creditors and the debtor alike. It accords with sound public policy. The public is equally interested in the welfare of both debtor and creditor. It is more in accord with reason that the former should not be sacrificed but be given reasonable opportunity to pay, and that all creditors should recover their debts, than that one, or at most only a few, should do so. We conclude that the act is not violative of the federal Constitution in the respect noted by counsel.

The court erred in dismissing the petition. The judgment is reversed and the cause remanded for further poceedings not inconsistent with the views herein expressed.

REVERSED.

LETTON, J., concurs in the conclusion.